UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 1:24-mc-00068-JRS-MJD ) |
| INDIANA GRAND RACING & CASINO, | ) ) ) |
| Respondent. | ) |

**ORDER**

This matter is before the Court on Petitioner's Application for an Order to Show Cause Why an Administrative Subpoena Should Not Be Enforced. [Dkt. 1.] For the reasons and to the extent set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

This miscellaneous matter arises out of several charges of unlawful employment practices brought against Respondent Indiana Grand Racing Casino ("IGRC") by an employee at its casino located in Shelbyville, Indiana. *See* [Dkt. 3-1, Dkt. 3-2, Dkt. 3-3, Dkt. 3-4]. The Equal Employment Opportunity Commission ("EEOC") issued and served Subpoena No. IN-24-08S ("the Subpoena") on Caesars Entertainment, on March 22, 2024, pursuant to 29 U.S.C. § 161 (incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9), seeking information to aid in its investigation of those charges. [Dkt. 3-8.] Respondent is a wholly-owned subsidiary of Caesars Entertainment. Respondent filed a Petition to Modify the Subpoena, [Dkt. 3-10], which was granted in part and denied in part by the EEOC on June 24, 2024. [Dkt. 3-11]. When Respondent

still did not produce the information sought in the Subpoena, the EEOC filed the instant Petition seeking an order enforcing the Subpoena as modified.

Many of the issues raised in the instant motion have been resolved by the parties. In its response to the instant Petition, Respondent states that it "has produced documents responsive to the EEOC's January 22, 2024[,] Request for Information as of the date of this filing satisfying a majority of what the EEOC is seeking through its corresponding Administrative Subpoena." [Dkt. 10 at 1.] With the exception of the issues discussed below, Respondent does not argue that it should not have to respond to the Subpoena with all non-privileged responsive information. Accordingly, the motion is **GRANTED** to the extent that Respondent shall fully and completely respond to the Subpoena, as modified, and confirm that it has done so, **within 14 days of the date of this Order**. The EEOC has withdrawn its requests in Subpoena Request No. 15(a)-(d) for customer contact information, [Dkt. 13 at 1], so Respondent need not provide that information.

Remaining at issue is whether the EEOC is entitled to obtain information from Caesars Entertainment, rather than Respondent, that relate to properties other than the one owned and run by Respondent. This information is sought in Requests Nos. 5, 6, 15(e) and (g), 16, 17, and 18.

The crux of the EEOC's argument that it is entitled to obtain the information it seeks from Caesars Entertainment about other properties is as follows:

> The scope of relevance is broader at the investigation stage than permitted under the Federal Rules of Civil Procedure. See *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984) ("Since the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer."). "[D]iscrimination on the basis of race or national origin is by definition class discrimination. . . ." *EEOC v. Lakeside Bldg. Maint., Inc.*, 255 F. Supp. 2d 871, 873 (N.D. Ill. 2003) (concluding that the EEOC may inquire whether the charging party "was one of many victims of national origin discrimination").

[Dkt. 13 at 4.]  That is an accurate statement of the law.  However, the scope of relevance in this context is not unlimited.  As the Seventh Circuit has noted:

> [T]he Supreme Court also has cautioned that the charge and relevance requirements should not be interpreted so broadly as to render the statutory language a nullity.  The requirement of relevance, like the charge requirement itself, is designed to cabin the EEOC's authority and prevent fishing expeditions.  Indeed, as we have noted previously, although the legitimate scope of the subpoena power includes information that might throw light upon the inquiry raised by the complaint, the "might" is an indication of a realistic expectation rather than an idle hope that something may be discovered.  Absent a finding that the material sought is relevant, a court may not enforce an EEOC subpoena.

*E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 652-53 (7th Cir. 2002) (internal citations and quotation marks omitted).

The problem with the EEOC's argument is that all of the cases it relies on involve obtaining information **from and relating to the employer** of the charging party, and here the EEOC is seeking information **from and relating to a third party**, Caesars Entertainment.  The EEOC has not pointed to any authority that supports its position that information about actions taken by an entity other than the employer itself falls within the broad definition of relevancy.

One can certainly imagine a scenario in which Caesars Entertainment may be considered an employer in this case.  *See generally Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015) ("[A] plaintiff may have multiple employers for the purpose of Title VII liability.  *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1088 (7th Cir. 2008).  It is also well established in this circuit that a plaintiff can, under certain limited circumstances, bring a claim against a defendant who is not his direct employer.  *See EEOC v. Illinois*, 69 F.3d 167, 169 (7th Cir. 1995).")  The EEOC does not make this argument, however, and "[i]t is not this court's responsibility to research and construct the parties' arguments." *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011).  Further, the EEOC should be able to obtain evidence relevant to whether Caesars

3

Entertainment may be treated as an employer in this case from Respondent. Unless and until the EEOC is able to demonstrate that its desire to obtain information from Caesars Entertainment about other properties is more than a fishing expedition, it is not entitled to obtain that information.

Accordingly, the EEOC's motion is **DENIED** to the extent it seeks information relating to properties other than that operated by Respondent. **Within 14 days of the date of this Order**, Respondent shall respond to Requests Nos. 5, 6, 15(e) and (g), 16, 17, and 18, fully and completely, except that it may limit its responses to its own property. When responding to Requests 15(e) and (g) and 16 through 18, Respondent may assign each customer a unique identifier and use that identifier in place of the customer's name.

SO ORDERED.

Dated: 28 MAR 2025

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.